UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANN MCBRAYER,

        Plaintiff,

v.

BAKER COLLEGE OF ALLEN PARK, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 07-13872

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**:

I recommend that Defendants' Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied. I further recommend that all other motions now pending in this action be denied as moot, and that the Complaint be dismissed with prejudice.

**II. REPORT**:

    **A. Procedural History**

The Complaint in this action was filed on September 13, 2007. The case was originally assigned to United States District Judge John Corbett O'Meara. On September 24, 2007, Plaintiff filed a Motion to Dismiss, which was granted in a written Order entered on September 28, 2007. On October 12, 2007, however, Plaintiff filed a Motion to Reopen the Case.

On October 31, 2007, Judge O'Meara entered an Order Reassigning the Case to United States District Judge Paul D. Borman and the undersigned magistrate judge.

Following the reassignment, Plaintiff's Motion to Reopen the Case was granted. On November 14, 2007, the district judge granted Plaintiff's Application to Proceed In Forma Pauperis, but denied her Motion for Appointment of Counsel.

On November 20, 2007, Defendants filed a Motion for Summary Judgment. The motion was referred to the magistrate judge for Report and Recommendation on November 28, 2007. Plaintiff filed no response to Defendants' Motion for Summary Judgment. Defendants filed their Answer to the Complaint on December 11, 2007.

On December 21, 2007, prior to the date set for the hearing of Defendants' Motion for Summary Judgment, Plaintiff filed a Motion to Dismiss. That motion was also referred to the magistrate judge. Defendants filed their Response on January 10, 2008.

Despite her pending Motion to Dismiss, Plaintiff filed a Motion to Amend/Correct Complaint on January 15, 2008. The motion was filed without leave of court. On the same date, Plaintiff filed a Motion to Meditate (sic). Both motions were referred to the magistrate judge. On January 17, 2008, Plaintiff filed a second Motion for Appointment of Counsel. Because of the contradictory filings, the previously scheduled hearing on Defendants' Motion for Summary Judgment was cancelled. Plaintiff filed a second Motion to Request Court Order for Mediation on January 17, 2008. On February 19, 2008, Plaintiff filed a Motion for Summary Judgment. Defendants filed their Response on March 11, 2008. All pending motions are now referred to the magistrate judge.

**B.     Applicable Law and Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial.  Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986); Martin v. Ohio Turnpike Comm'n, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party.  60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).  The court is not required or permitted, however, to judge the evidence or make findings of fact.  Id. at 1435-36.  The moving party has the burden of showing conclusively that no genuine issue of material fact exists.  Id. At 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties.  Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984).  A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate.  Id.; Feliciano v. City of Cleveland, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial.  Anderson, 477 U.S.

at 256.  To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted); see Celotex, 477 U.S. at 322-23; Matsushita, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury.  Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F.Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), aff'd 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find the plaintiff." Anderson, 477 U.S. at 252; see Cox v. Ky. Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995).

### C.   Factual Background

The Complaint in this action arises from a dispute over a basic mathematics class in which Plaintiff was enrolled while a student of Defendant Baker College.  Defendant Maike is the President of the College, and Defendant Evans was the course instructor.  The Complaint alleges that Defendants violated McBrayer's rights as a special needs student in denying her sufficient time to meet course requirements; in denying her an appropriate grade; and in ultimately expelling her.  Plaintiff filed a Complaint with the United States

Department of Education, Office for Civil Rights ("OCR"). That agency assisted in bringing about a Resolution Agreement, dated February 7, 2007, which was to resolve the parties' differences. Plaintiff asserts that Defendants have failed to meet their obligations under that agreement.

On August 30, 2007, Plaintiff filed suit against these Defendants in the Circuit Court for the County of Wayne, State of Michigan, in Case No. 07-723525. Her Complaint adopted the OCR findings and asserted her rights under the Resolution Agreement. On September 6, 2007, Defendants filed a Motion for Summary Disposition. On September 10, 2007, Plaintiff simultaneously filed an Answer to Defendants' Motion for Summary Disposition and an Amended Complaint. Defendants then filed a First Amended Motion for Summary Disposition, which Plaintiff answered on September 26, 2007. On October 12, 2007, the Honorable Prentice Edwards entered an Order Granting Summary Disposition to the Defendants and entering Judgment in their favor. (Defendants' Exhibit 4).

The Complaint in this action arises from the same operative facts as the Complaint upon which Judge Edwards rendered Judgment in the state court. The same facts appear also to constitute the basis for at least three additional lawsuits filed by this Plaintiff. Those include: Case No. 07-727866 in the Wayne County Circuit Court, filed by Plaintiff against Defendants Baker College of Allen Park and Aaron J. Maike; Case No. 07-13834 in the United States District Court for the Eastern District of Michigan, in which Plaintiff named Harvey Evans, Baker College of Allen Park and Baker College System as Defendants; and Case No. 07-14347 in the United States District Court for the Eastern District of Michigan, in which Plaintiff has sued Aaron J. Maike, Harvey Evans and Baker College of Allen Park.

### D. Analysis

Generally, a federal court should not abstain from proceeding with litigation simply because a similar case is proceeding in state court. Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992). Nonetheless, when two suits arising from the same operative facts are proceeding in both state and federal courts, the first judgment entered must be considered *res judicata* for issues in the remaining case. Lesher v. Lavrich, 784 F.2d 193, 195 (6th Cir. 1986). The broad doctrine of *res judicata* includes claim preclusion. Wilkins v. Jakeway, 183 F.3d 528, 532 (6th Cir. 1999). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated and as to every theory of recovery that could have been presented. Browning v. Levy, 283 F.3d 761, 771-72 (6th Cir. 2002); Begala v. PNC Bank, Ohio, Nat'l Ass'n, 214 F.3d 776, 779 (6th Cir. 2000). The party asserting a defense of *res judicata* bears the burden of proof on that issue. Browning, 283 F.3d at 771-72.

*Res judicata* is an affirmative defense, and is ordinarily raised in the pleadings. Fed.R.Civ.P. 8(c). "Although there may have previously been doubt, it is now clearly established that *res judicata* can also be raised by motion." Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981). The cases cited in Westwood reflect that the doctrine may be raised either by motion for summary judgment or a motion to dismiss. Furthermore, a district court is empowered to raise *res judicata sua sponte* in the interests of promoting judicial economy. Halloway Construction Co. v. U.S. Department of Labor, 891 F.2d 1211 (6th Cir. 1990) (citing United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980)). In the case at bar, Defendants have raised the issue of *res judicata* in both their Answer and their Motion for Summary Judgment.

28 U.S.C. §1738 provides that the judicial proceedings of any state, territory or possession of the United States "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state, territory or possession from which they are taken."  The Supreme Court of the United States has held that the statute obliges federal courts to give the same preclusive effect to a state court judgment as would the courts of the state rendering the judgment.  Migra v. Warren City School District, Board of Education, 465 U.S. 75, 80-85;  McDonald v. City of West Branch Michigan, 466 U.S. 284 (1984).  Thus, if an individual would be precluded from litigating an action in state court by traditional principles of *res judicata*, she is similarly precluded from litigating her suit in federal court.  Gutierrez v. Lynch, 286 F.2d 1534 (6th Cir. 1987).  It is well established that §1738 does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments.  Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380 (1985).  Thus, if a state court precludes an action, a federal court in that state must also preclude it, unless Congress has created or intended to create an exception.  Id.

The Michigan Supreme Court has adopted the "broad application" of the *res judicata* doctrine, barring both claims actually litigated in a prior action and those claims arising out of the same transaction which Plaintiff could have brought but did not.  Schwartz v. Flint, 187 Mich.App. 191, 194 (1991).  "To constitute a bar, there must be an identity of the causes of action, that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action."  Westwood Chemical Co. v. Coolick, 656 F.2d 1224, 1227 (6th Cir. 1981) (citations omitted).  "*Res judicata* bars a subsequent action between the same parties when the evidence or essential facts are identical.  Eaton Co. Road

7

Commissioners v. Schultz, 205 Mich.App. 371, 375 (1994). "This doctrine requires that (1) the first action be decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." Id. at 376. I am satisfied that each of the elements is fully satisfied in this case.

Plaintiff's first state court action was resolved in favor of the Defendants on their Motion for Summary Disposition under MCR 2.116(C)(8) and/or (10). MCR 2.116(C)(8) corresponds to Fed.R.Civ.P. 12(b)(6). MCR 2.116(C)(10) corresponds to Fed.R.Civ.P. 56(c). Under Michigan law, summary disposition under either subsection of Rule 2.116 constitutes a final judgment on the merits for purposes of later invoking the doctrine of *res judicata*. Chakan v. City of Detroit, 998 F.Supp. 779 (E.D. Mich. 1998); ABB Paint Finishing v. Nat'l Fire Ins., 223 Mich.App. 559 (1997).

It is apparent that the matters contested in this action were, or could have been, resolved in Plaintiff's state court case. The factual basis for each action is the same (i.e., Plaintiff's dispute with Defendants and the subsequent Resolution Agreement). I am fully satisfied that the *res judicata* doctrine of claim preclusion renders Judge Edwards' final Judgment on the merits for Defendants a bar to the subsequent litigation of all claims by Plaintiff based on the same underlying set of facts, including every claim actually litigated and every theory of recovery that could have been presented but was not. Accordingly, I recommend that Defendants' Motion for Summary Judgment in this action be granted, that Plaintiff's Motion for Summary Judgment be denied, and that the Complaint be dismissed with prejudice. I further recommend that Plaintiff's December 21, 2007 Motion to Dismiss; January 15, 2008 Motion to Amend/Correct Complaint; January 15, 2008 Motion to

Meditate (sic); January 17, 2008 Motion to Appoint Counsel; and January 17, 2008 Motion to Request Court Order for Mediation all be denied as moot.

III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: March 19, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify on March 19, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 19, 2008. **De Ann McBrayer.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217