**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEANN A. MCBRAYER,

       Plaintiff,                        CASE NO. 07-CV-13872

-vs-
                                                PAUL D. BORMAN
BAKER COLLEGE OF ALLEN           UNITED STATES DISTRICT JUDGE
ALLEN PARK, ET. AL.,

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN FAVOR OF: (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (3) DENY AS MOOT ALL PENDING MOTIONS

Before the Court is Plaintiff Deann A. McBrayer's Objections to Magistrate Judge Donald A. Scheer's March 19, 2008 Report and Recommendation ("Report") in favor of granting Defendants' Motion for Summary Judgment, denying Plaintiff's motion for the same, and denying as moot all other pending motions. (Dkt. No. 40).

The Court now reviews the Objections, the Report and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

This case is one of many Plaintiff has filed in this Court and in state court arising from the same set of facts and supported by the same assertions of evidence. (*See* Case No. 07-723525 and Case No. 07-727866 in Wayne County Circuit Court; Case No. 07-13834, Case No. 07-14347, and Case No. 08-10404 in the United States District Court for the Eastern District of Michigan). The Court has recently held that *res judicata* applied to bar Plaintiff's Case No. 08-10404 and prohibited Plaintiff from filing any other actions based on the same subject matter in this Court. *See McBrayer v. Baker College*, No. 08-10404 (E.D. Mich. filed Jul. 3, 2008). The Court has also determined that

*res judicata* applied to bar Plaintiff's Case No. 07-14347.

In the instant case, Plaintiff contends the Magistrate Judge erred when he failed to allow her to amend her complaint to "prima facie case of failure to accommodate disability on 3/2006-4/4006". (Dkt. No. 24). This Motion to Amend was filed after Defendants filed their Motion for Summary Judgment and their Answer to Plaintiff's Complaint. (Dkt. Nos. 10, 17). To the extent that the Magistrate Judge could have addressed the Motion to Amend, there is no error for the reason that Plaintiff's proposed amendment is futile. Plaintiff does not contend that the amendment to her Complaint would cure its legal deficiency – that the action is barred by *res judicata*. Indeed, it is clear that the new claims in the proposed Amended Complaint would also be barred under the doctrine of *res judicata* because such issues arise out of the same transaction and could have been alleged in the suit she filed in August 30, 2007. *See Schwartz v. Flint*, 187 Mich. App. 191, 194 (1991) (holding that *res judicata* bars both claims actually litigated in a prior action and also claims arising out of the same transaction which could have been brought.).

Plaintiff also argues that she was denied due process because she was not appointed an attorney in this matter. Plaintiff appears to rely on a published document or book entitled "One Court of Justice" for the contention that she is entitled to an attorney appointment and her due process rights have been violated. However, there exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (stating "appointment of counsel in a civil case is . . . . a matter within the discretion of the court. It is a privilege not a right.") (internal quotation omitted); *see Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (same). Further, although Plaintiff objects to the Magistrate Judge's Report based on denial of an

attorney appointment, this point is moot for the reason that appointment of counsel not effect the outcome of this action. The Magistrate Judge found, and the Court agrees, that *res judicata* bars Plaintiff from maintaining her claim – therefore, no legal expertise can rehabilitate this action.

Plaintiff contends that the Magistrate Judge erred in finding that her action could have been brought in state court because her claim arose under federal law and therefore, could not have been adjudicated by state court. The Court finds this objection without merit. State courts are courts of general jurisdiction, and the "presumption is that they have subject matter jurisdiction over a particular controversy unless a showing is made to the contrary." WRIGHT, MILLER & COOPER, Federal Practice & Procedure: Jurisdiction 2d § 3522 (1994). Federal courts, on the other hand, have limited jurisdiction and cannot hear cases without statutory and constitutional authority. *Id*.

For these reasons, the Court:

(1)     **DENIES** Plaintiff's Objections (Dkt. No. 40) and **ADOPTS** the Report and Recommendation (Dkt. No. 37);

(2)     **GRANTS** Defendants' Motion for Summary Judgment (Dkt. No. 10);

(3)     **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. No. 34);

(4)     **DISMISSES WITH PREJUDICE** Plaintiff's Complaint (Dkt. No. 1); and

(5)     **DENIES AS MOOT** all pending motions.

**SO ORDERED.**

                                                 s/Paul D. Borman
                                                 PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE

Dated: July 9, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 9, 2008.

                                        s/Denise Goodine
                                        Case Manager